**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Alfredo BARAJAS, Defendant– Appellant.**

No. 05–41715

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 13, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Alfredo Barajas appeals his 18–month sentence for transporting undocumented aliens for private financial gain by means of a motor vehicle, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. He argues that his sentence was unreasonable because this court's jurisprudence following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has effectively rendered the Sentencing Guidelines mandatory. As Barajas concedes, this argument is foreclosed.

Barajas also asserts that his sentence is unreasonable because the district court placed undue weight on the circumstances of his offense and not his family circumstances. The district court sentenced Ba-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rajas within a properly calculated advisory guideline range. Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under 18 U.S.C. § 3553. *See United States v. Mares,* 402 F.3d 511, 519 (5th Cir.). Barajas has failed to show that his sentence was unreasonable.

Finally, Barajas argues that, although he is entitled to the retroactive application of the Sixth Amendment holding in *Booker,* the remedial portion of *Booker's* holding, which made the Sentencing Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution. As Barajas concedes, his argument is foreclosed by circuit precedent. *See United States v. Austin,* 432 F.3d 598, 599–600 (5th Cir.2005); *United States v. Scroggins,* 411 F.3d 572, 576–76 (5th Cir.2005).

AFFIRMED.